[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
In a prior action between the same parties, judgment was entered in favor of the Patrons, the present defendants who were plaintiffs in that action, which is now on appeal. When that prior action was initiated, the Patrons applied for a prejudgment remedy and at the same time moved for a disclosure of assets of the Konovers, the present plaintiffs and the defendants in the prior action. On November 15, 1991, Judge Freed, after hearing, signed an order prepared by the Patrons granting a pre-judgment remedy permitting the plaintiff to garnishee to the value of $1,750,000 "the agents, trustees and debtors of the defendants . . . that have concealed in their hands the goods, effects and estate of the defendants and are indebted to them, as may be disclosed by the defendants inaccordance with the Motion for Disclosure of Property filedherewith" (emphasis added). The attachment clause of the order contained the same language.
On December 5, 1991, the Patrons' attorney placed a writ of garnishment in the hands of a sheriff who garnished various banks where the Konovers had accounts and these garnishments were subsequently replaced by bonds by the Konovers. No CT Page 1331-IIIII disclosure of assets was ever made in response to the Motion filed.
In this action the Konovers have filed a three count complaint, alleging in the first count that the garnishments were wrongfully made in violation of the court order of November 15, 1991; in the second count tortious interference; and in the third count wilful and malicious conduct and abuse of process. Damages alleged include premiums paid for the bonds furnished in lieu of garnishment.
Both parties have moved for summary judgment on the basis of the court order of November 15, 1991.
Interpreting another judge's order poses some unusual difficulty, especially since each motion seeks summary judgment.
There appears to be material differences of fact as to whether in the context of the hearing preceding the order of November 15, 1991, there was a common understanding or representations made that a disclosure of assets would be made in a reasonable time and whether the garnishment was executed before a reasonable time had passed.
Plaintiffs' Motion for Summary Judgment is denied because this court is unable to conclude that the order was strictly limited to assets which might be disclosed when in fact no disclosure was made. Moreover there are further differences of fact as to the elements of the causes of action alleged by plaintiffs in their three counts.
Defendants' Motion for Summary Judgment is denied because, in view of these differences of fact, plaintiffs should have the opportunity to prove that in view of all the circumstances, not known to this court, it was the reasonable understanding of the parties that no pre-judgment remedy would be pursued until there was a disclosure of assets, and whether such disclosure was to be made in a reasonable time; also whether the actions of the defendants were wilful or malicious.
Motions for Summary Judgment denied.
Wagner, J. CT Page 1331-JJJJJ